# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

PAYCOM SOFTWARE, INC., et al.,  )
                                       )
     **Plaintiffs,**            )
                                       )
v.                                    )     Case No. CIV-14-1029-R
                                       )
NATIONAL FINANCE PARTNERS )
CORP.,                         )
                                     )
     **Defendant.**         )

## ORDER

Before the Court is Defendant National Financial Partners Corp.'s Supplemental Motion to Dismiss Plaintiffs' Complaint. Doc. No. 9. Defendant argues that this Court should decline to hear Plaintiffs' ("Paycom") declaratory judgment action because Paycom engaged in "procedural fencing" by filing in this Court before Defendant could file its claim against Paycom in the Northern District of Illinois.

## Background

Defendant alleges that Paycom's logo infringes its trademark rights in its federally-registered logo. Doc. No. 9, Ex. 4, ¶ 6. On September 23, 2014, Defendant's General Counsel Timothy Robb contacted Paycom's Corporate Attorney Lauren Toppins to discuss the issue. Doc. No. 9, at 9.; Doc. No. 23, at 6. Robb told Toppins that if the parties could not agree on the terms of a proposed Tolling Agreement, Defendant was prepared to file a suit for trademark infringement against Paycom in the Northern District of Illinois. Doc. No. 9, at 9; Doc. No. 23, at 6. In response, Paycom filed this suit for a declaratory judgment at 7:49 p.m. that same day, and Defendant filed its claim against

Paycom in the Northern District of Illinois approximately two hours later at 9:51 p.m. Doc. No. 9, at 10; Doc. No. 23, at 6-7. In the Illinois case, Defendant has filed a motion for a preliminary injunction and Paycom has filed a motion to transfer the case to this Court. Doc. No. 23, at 5. Those motions have been stayed pending this Court's ruling on Defendant's motion to dismiss. *Id.*; Doc. No. 25, ¶ 11, Ex. H.

### **Standard**

The Declaratory Judgment Act "confers upon courts the power, but not the duty, to hear claims for declaratory judgment." *Mid-Continent Cas. Co. v. Vill. at Deer Creek Homeowners Ass'n*, 685 F.3d 977, 980 (10th Cir. 2012) (citing *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286-87 (1995); *Pub. Affairs Assoc. v. Rickover*, 369 U.S. 111, 112 (1962)). "Whether to entertain a justiciable declaratory judgment action is a matter committed to the sound discretion of the trial court." *Kunkel v. Cont'l Cas. Co.*, 866 F.2d 1269, 1273 (10th Cir. 1989) (citing *Alabama State Fed'n of Labor v. McAdory*, 325 U.S. 450, 462 (1945)). The Court considers the following factors in determining whether to exercise its discretion to hear such a claim:

> [1] whether a declaratory action would settle the controversy; [2] whether it would serve a useful purpose in clarifying the legal relations at issue; [3] whether the declaratory remedy is being used merely for the purpose of procedural fencing or to provide an arena for a race to res judicata; [4] whether use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and [5] whether there is an alternative remedy which is better or more effective.

*Mid-Continent*, 685 F.3d at 980-81 (quoting *State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 983 (10th Cir. 1994)). Because this case involves two federal courts of

coordinate jurisdiction, the fourth factor concerning friction between federal and state courts does not apply. Additionally, both parties have chosen to litigate the issues in this case, rather than participate in an alternative means of dispute resolution such as arbitration. Therefore, the last factor is also not relevant to this case. The Court's analysis, then, focuses on the first three *Mhoon* factors.

<u>Analysis</u>

A. **Whether a Declaratory Judgment Would Settle the Controversy or Serve a Useful Purpose in Clarifying the Legal Relations at Issue**

The first and second factors are whether a declaratory judgment would settle the controversy between the parties or serve a useful purpose in clarifying the legal relations at issue. These factors are intended to "shed light on the overall question of whether the controversy would be better settled in [the other] court." *United States v. City of Las Cruces*, 289 F.3d 1170, 1187 (10th Cir. 2002). In its Complaint, Paycom seeks a declaratory judgment stating that the use of its logo does not constitute trademark infringement, unfair competition, or dilution. Doc. No. 1, at 3. In its Complaint filed against Paycom, Defendant brought claims for federal trademark infringement; federal unfair competition and false designation of origin; deceptive trade practices under Illinois law; consumer fraud and deceptive business practices under Illinois law; and common law unfair competition. Doc. No. 9, Ex. 4, at 9-15. In its allegations for deceptive trade practices and consumer fraud and deceptive business practices, Defendant includes in its list of injuries the fact that its goodwill has been diluted. Doc. No. 9, Ex. 4, ¶¶ 42, 51. In

addition to an injunction, Defendant seeks Paycom's profits resulting from the alleged infringement and punitive damages. Doc. No. 9, Ex. 4, ¶¶ 1, 5, 7.

Based on the allegations in each Complaint, Paycom's declaratory judgment action will not settle all disputes between the parties, such as Defendant's state law claims for consumer fraud and deceptive business practices and the issue of damages.[1] But the action brought in the Northern District of Illinois will resolve all the issues raised in the declaratory judgment action.[2] Moreover, the Court would not necessarily do a better job than the Illinois Court at clarifying the legal issues present in this case, which include claims under Illinois state law. Accordingly, this declaratory judgment action is "unnecessarily duplicative and uneconomical," and the first two factors weigh against exercising jurisdiction. *Mid-Continent*, 685 F.3d at 982.

### B. Whether the Declaratory Remedy is Being Used Merely for the Purpose of Procedural Fencing

The third factor is whether the declaratory remedy is being used merely for the purpose of procedural fencing. This factor typically involves "questionable actions on the part of the party seeking a declaratory judgment." *Id.* at 984 (citation omitted). Under the first-to-file rule, a district court may decline to exercise jurisdiction when "a complaint raising the same issues against the same parties has previously been filed in another

---

[1] Although Paycom seeks a declaratory judgment that use of its logo "does not violate Defendant's rights under the trademark laws of the United States *or any other laws*," Doc. No. 1, at 5 (emphasis added), the Court limits its review to the laws expressly mentioned in Paycom's Complaint.

[2] *See Mid-Continent*, 685 F.3d at 982 n.3 ("Especially relevant may be whether the state court action would necessarily resolve the issues in the declaratory judgment action. Here, while the declaratory judgment action would settle the controversy between Mid–Continent and Greater Midwest over the scope of Mid–Continent's coverage obligations, that issue would also be resolved in the Missouri equitable garnishment action. By contrast, the issues in the Missouri equitable garnishment action would not necessarily be resolved in the declaratory judgment action.").

district court." *Buzas Baseball, Inc. v. Regents of Univ. Sys.*, No. 98-4098, 1999 WL 682883, at *2 (10th Cir. Sept. 2, 1999) (unpublished) (citation omitted). "However, 'simply because a court is the first to obtain jurisdiction does not necessarily mean that it should decide the *merits* of the case.'" *Id.* (quoting *Hospah Coal Co. v. Chaco Energy Co.*, 673 F.2d 1161, 1164 (10th Cir. 1982)). The court in which the first case was filed may decline to follow the first-to-file rule and dismiss the action if the suit was filed "for the purpose of anticipating a trial of the same issues in a court of coordinate jurisdiction." *Id.* at *3 (citation omitted).

The Court must balance the purpose of the Declaratory Judgment Act in preventing "one party from continually accusing the other, to his detriment, without allowing the other to secure an adjudication of his rights by bringing suit," *Tempco Electric Heater Corp. v. Omega Eng'g, Inc.*, 819 F.2d 746, 749 (7th Cir. 1987), and the public policy in favor of encouraging settlement and not providing any one party with an unfair advantage, *TBG, Inc. v. Bendis*, 36 F.3d 916, 924 (10th Cir. 1994); *Traders & Gen. Ins. Co. v. Rudco Oil & Gas Co.*, 129 F.2d 621, 628 (10th Cir. 1942). A party should not have to "'bet the farm' by taking actions that could subject them to substantial liability before obtaining a declaration of their rights," *Surefoot LC v. Sure Foot Corp.*, 531 F.3d 1236, 1243 (10th Cir. 2008) (quoting *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 129 (2007)), but a "federal declaratory judgment is not a prize to the winner of the race to a courthouse," *Buzas Baseball*, 1999 WL, at *2 (quoting *Perez v. Ledesma*, 401 U.S. 82, 119 n.12 (1971) (Brennan, J., concurring in part and dissenting in part)).

1. **Facts**

Because Paycom filed its declaratory judgment action on the same day Defendant told Paycom that it would file its own suit in Illinois if the two parties could not agree on the terms of a proposed Tolling Agreement, Defendant contends that this is "a textbook example of 'procedural fencing' in the form of an anticipatory lawsuit." Doc. No. 9, at 11. Robb called Toppins at approximately 1:30 p.m. on September 23, 2014 and left a voicemail, with a follow-up email at 1:52 asking her to contact him regarding an "'urgent legal mat[t]er' relating to NFP's 'concerns' over PSI's use of the PC Logo." Doc. No. 9, Ex. 3, ¶ 6; Doc. No. 23, at 6; Doc. No. 26, Ex. A.[3] At 2:33 p.m., Robb emailed Toppins a document titled "Material Regarding NFP's Trademark Concerns," as well as a proposed Tolling Agreement. Doc. No. 9, Ex. 3, ¶ 7; Doc. No. 23, at 6; Doc. No. 26, Ex. C. The first paragraph of the proposed agreement states, "The purpose of this Tolling Agreement is to facilitate discussions between the Tolling Parties during the Resolution Period." Doc. No. 9, Ex. 3, at 11; Doc. No. 26, Ex. E.

When they spoke on the phone shortly after Robb emailed Toppins the two documents, Robb told Toppins that "Paycom had until 4:30 p.m. CT to inform [him] whether Paycom would enter into a mutually agreeable version of the Tolling Agreement with NFP," and that "NFP was prepared to file a trademark infringement lawsuit against Paycom in Illinois if Paycom would not be willing to enter into any Tolling Agreement." *Id.* § 10; Doc. No. 26, ¶ 9. At 4:50 p.m., Toppins called Robb saying that she could not

---

[3] For the purposes of this motion, the Court considers any facts not disputed by the parties in their briefs or submitted affidavits as conceded.

yet confirm whether Paycom would agree to the terms of the proposed agreement, "and asked if NFP would consider making some changes to the Tolling Agreement." Doc. No. 9, Ex. 3, ¶ 11. Robb told Toppins that NFP would give Paycom "several additional hours to consider the proposed Tolling Agreement," and that NFP would consider making changes. *Id.* Toppins then told Robb "that she would get back to [him] that evening to let [him] know whether Paycom would agree to sign a Tolling Agreement, and if so what those changes would be." *Id.*

Robb waited until 6:45 p.m., and having not yet heard back from Toppins, emailed her saying that he was leaving the office and that NFP "would like to resolve this matter as amicably as we can." *Id.* ¶ 12; Doc. No. 26, Ex. F. He included his cell phone number in this email, and stated that "NFP was prepared to file a trademark infringement lawsuit if [she] did not contact [him] or NFP's outside counsel by 9:00 p.m. CT that evening." Doc. No. 9, Ex. 3, ¶ 12; Doc. No. 26, Ex. F. Instead of contacting Robb or NFP's outside counsel, Paycom filed a declaratory judgment action in this Court at 7:49 p.m. that evening. Doc. No. 23, at 6. NFP's outside counsel then filed suit in the Northern District of Illinois at 9:51 p.m. Doc. No. 9, Ex. 3, ¶ 13.

2. **Paycom's Procedural Fencing**

Paycom argues that it did not file in this Court because it thought it would receive a more favorable outcome here, but rather "because this forum is clearly the most appropriate and convenient to resolve the dispute," as Paycom's principal place of business is in Oklahoma City, and "virtually all of the witnesses and documents are located here." Doc. No. 23, at 5, 8; Doc. No. 24, ¶¶ 10, 12. The Court is more concerned

7

not with why Paycom chose to file in this particular District, but why Paycom decided to file suit in this District at 7:49 p.m. on September 23. The reasoning of the Sixth Circuit is persuasive on this point:

> [W]hether the forum chosen by the declaratory plaintiff is "logical" can have only a minimal value in determining whether procedural fencing has occurred. The question is not which party has chosen the better forum, but whether the declaratory plaintiff has filed in an attempt to get her choice of forum by filing first. That a particular forum is better or worse is irrelevant in answering that factual question.

*AmSouth Bank v. Dale*, 386 F.3d 763, 789 (6th Cir. 2004) (footnote omitted). Although Paycom has explained why it would prefer to litigate in this District rather than in the Northern District of Illinois, the timing of its filing constituted inequitable forum shopping. *See Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952) ("The factors relevant to wise administration [of the Declaratory Judgment Act] are equitable in nature.").

Paycom was "not caught in a web of extended and unending uncertainty necessitating a judicial determination of its rights." *Obsolete Ford Parts v. Ford Motor Co.*, 306 F. Supp. 2d 1154, 1158 (W.D. Okla. 2004). Defendant contacted Paycom with an opportunity to begin settling the dispute under the terms of a tolling agreement. Instead of engaging in settlement negotiations in good faith, Paycom misled Defendant into thinking that it was seriously considering the agreement and filed suit before notifying Defendant that it had decided to litigate the issue. Regardless of the particular reason for choosing one forum over another, Paycom "is given an equal start in the race to the courthouse, not a headstart." *Hospah*, 673 F.2d at 1164 (quoting *Kerotest*, 342 U.S.

at 185). Because Paycom demonstrated bad faith in its interactions with Defendant, the Court finds that this factor also weighs against exercising jurisdiction. *See GS & S Co. (Transpacific Inc.) v. Westland Giftware*, No. CIV-11-275-C, 2011 WL 2923857, at *3 (W.D. Okla. July 18, 2011) (finding procedural fencing when "the parties were in the midst of negotiations when the dispute was brought to the courts," and the declaratory judgment plaintiff did not notify the defendant of its decision to halt negotiations).

### C. Other Factors

Paycom argues that the Court should consider the same factors it would when deciding whether to transfer a case under 28 U.S.C. § 1404(a), including the convenience of litigating this case in Oklahoma. Doc. No. 23, at 12-13. In support of this argument, it cites cases from the District of Utah, the Federal Circuit, the Northern District of California, and the Northern District of Illinois. *Id.* Because Paycom's conduct in this case represents precisely "the kind of procedural fencing that courts condemn," *Obsolete*, 306 F. Supp. 2d at 1158, the Court declines to consider additional factors. *See St. Paul Fire & Marine Ins. Co. v. Runyon*, 53 F.3d 1167, 1170 (10th Cir. 1995) ("[P]rocedural fencing is another adequate reason for the district court to refuse jurisdiction in a declaratory judgment action."); *see also Eli's Chicago Finest, Inc. v. Cheesecake Factory, Inc.*, 23 F. Supp. 2d 906, 909 (N.D. Ill. 1998) ("If the Court were to allow such maneuvering, litigants would have no alternative but to quickly file suits in the forum of their choice.").

**Conclusion**

Because all of the relevant *Mhoon* factors weigh against exercising jurisdiction in this case, Defendant's motion to dismiss the Complaint [Doc. No. 9] is GRANTED.

IT IS SO ORDERED this 12th day of December, 2014.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE